DEBORAH JEWISH CONSUMPTIVE RELIEF SOCIETY, A CORPORATION, PROSECUTOR, v. THE STATE BOARD OF HEALTH OF NEW JERSEY, RESPONDENT.

Decided September 16, 1929.

For the rule, *Leonard J. Emmerglick* and *Philip J. Scholland*.

*Contra, William A. Stevens* and *Robert Peacock*.

The opinion of the court was delivered by

BODINE, J.   This case is before the court upon a writ of *certiorari* to the state board of health to compel it to issue a permit to the prosecutor, Deborah Jewish Consumptive Relief Society, that it may establish and maintain a tuberculosis sanitorium in the borough of Hopatcong, Sussex county.

The prosecutor applied to the state board of health for a permit to locate in the borough of Hopatcong, Sussex county, a hospital for the care of persons afflicted with tuberculosis. After a full hearing, the board denied the application.

It appears from the record that the land proposed to be used is ideally situate for the contemplated purpose. The site is several miles from any built-up section. It is protected from the bitter winds and the buildings and the sewage

disposal plant contemplated are to be of the latest and most approved design, costing approximately $1,000,000.

Many persons resort to the borough of Hopatcong during the summer months for recreation and refreshment. It is an ideal place for women and children during the summer months. These people walk over the hills and boat and bathe in the lake. The municipal authorities and many taxpayers protested strongly to the state board of health against the establishment of a sanitorium in their midst because it would tend to bring tuberculosis to those seeking health and refreshment in this beautiful country.

The application for the permit was made pursuant to *Pamph. L.* 1910, *p.* 93. The provisions of the act, so far forth as they relate to the determination of the state board, are as follows: "4. At the time and place so fixed for said hearing the state board of health shall hear all parties, both for and against said application, and said board shall thereupon either grant or withhold the consent and approval asked for. 5. After the passage of this act the state board of health shall have the sole authority to grant or refuse its consent and approval to the erection, construction and establishing of any and all hospitals, sanitaria, preventoria or other institutions designed for the care, board or treatment of any person or persons afflicted with the disease known as pulmonary tuberculosis."

The prosecutor's argument is to the effect that the state board in passing upon permits exercises a judicial function and that its action must be predicated upon the facts before it at the statutory hearing; that it can only receive and consider such evidence as would be considered in a court of law, and that the landowner has an inherent right to make such use of his land as does not constitute a nuisance.

It is perhaps a sufficient answer to the whole argument to say that the state board of health is created under the police power of the state to protect the health of the citizens of the state. There is nothing in the record to indicate that the action under review is capricious or based upon improper motives. The course and communication of disease is not

so certainly understood that this court would be justified in saying that the state board of health must grant a permit for the establishment of a tuberculosis sanitorium adoining a summer vacation center. But the legislature has said that the state board of health shall have the "sole authority to grant or refuse a permit" for the establishment of such a sanitorium. If these words mean anything they mean that when there is any reason to justify the action of the board that no other tribunal shall have the power to change the result. There is reason in the record for the action of the state board, and it is immaterial that others may reach a different conclusion.

The writ will be dismissed.